FILED - GR
July 7, 2023 12:33 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: NS  SCANNED BY: KB /7/7

UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF MICHIGAN

Robert Pann, Plaintiff )
)
v. ) Civil Action No. 1:22-cv-76
)
Hadden, et, al, Defendants )

MOTION FOR AMENDMENT OF PLEADINGS R 15(a)(c)

Plaintiff, Robert Pann respectfully request this Honorable Court to allow amendment of pleadings prior to trial to include intentional deprivation of personal property. Contraband removal record was given to plaintiff, but no opportunity for hearing was afforded. Consequently Plaintiff's property was destroyed 12/13/19, and defendant's manufactured a notice of hearing and report days after plaintiff's property was destroyed.

This court ordered, plaintiff's state law property claims were to brought in state court.

Plaintiff tried to comply with the Court order. Plaintiff brought this claim in 30th State Court, No. 22-648-CZ. Only to be dismissed 2/23/23 with an entry of defualt for improper service. The Court claims no indication defendant's received notice. Plaintiff mailed his state pleadings certified mail to defendant's Hadden and Johnson, Bellamy Creek Correctional Facility, 1027 W. Bluewater Hwy., MI 48846. When Bellamy Creek's address is 1727 W. Bluewater Hwy. The summons and complaint were returned to plaintiff's prison facility as un-deliverable. Plaintiff used the same mailing address as this federal court's filing address (1027). The address supplied by prison officials. Plaintiff's mail room re-mailed the summons and complaint via U.P.S. with proof of

1

delivery via UPS tracking number 91144 9022 0078 9426 9335 11 (attached). Defendant's never replied and plaintiff met with an attorney general where plaintiff informed the A.G. he was waiting on a response for the state property claim.

Under Parrot v Taylor, 541 U.S. 527, 531 (1981) Plaintiff's state proerty claims are valid in federal court.

In Parrot's property claim, prison official's lost his property, however, Parrot left open an exception, for "a situation where prison official's confiscated contraband. The negligence of the official's in failing to follow their own policies concerning distribution of mail resulted in a loss of personal property for respondent, which should not go without redress."

Plaintiff's footlockers were confiscated, a contraband removal record was supplied. Plaintiff's footlockers were destroyed prior any opportunity for hearing. Defendant's then falsified a hearing report to justify their intentional acts, depriving plaintiff of his property.

The Fourteenth Amendment protects only against deprivations "without due process of Law." Baker v McCollan, 443 U.S. 137, 145 (1979). "Plaintiff asserts that his right to a hearing before his possession in any way is disturbed is nonetheless mandated my a long line of case in this Court, culminating in Sniadach v Family Finance Corp., 395 U.S. 337 (1989). "Deprivation resulted of the unauthorized failure of agents of the state to follow established state procedure, Parrot at 543.

"A 'deprivation' cannotes an intentional act denying something to someone, or, at the very least, a deliberate decision not to

2

act to prevent a loss. The most reasonable interpretation of the Fourteenth Amendment would limit due process claims to such deprivations. The Due Process Clause imposes substantive limitations on state actions, and under proper circumstances, these limitations may extend to intentional and malicious deprivations of liberty and property, even where compensation is available under state law." (quoting) Parrot Id. at 553.

Parrot is limited to only three conditions:

1) "random and unathorized" no opportunity for hearing

2) Misconduct that is legally enabled by state's broad delegation of power is not "random and unauthorized;

3) Official's subversion of established procedures is no "random and unauthorized" misconduct.

Defendant's actions were deliberate and intentional acts of deprivation for Plaintiff's personal property. Defendant's falsified both the notice of hearing and the hearing report. Depriving plaintiff of his due process and deprivation of property.

Defendant's intentionally refused to acknowledge their state court summons. This Court should allow this property claim to be heard by the jury. Defendant's informed me they wish to proceed to trial. Defendant's prison facility's officials refused to process out going maid and process grievances which this Court is reviewing.

Conversion of property in Michigan is subject to a treble damage award. Plaintiff tried to comply with this Court's order only to be blocked by official's and Michigan Court's not accepting service by UPS tracking number as proof of delivery. Michingan Court of Appeals denied review. Plaintiff has no state

3

remedies available and intentional deprivations of property is not barred by Parrot.

## CERTIFICATE OF SERVICE

I, Robert Pann by U.S. mail sent a copy of this motion to Michigan Attorney General, PO Box 39217, Lansing, MI 48909 on June 30, 2023.

I certify that I placed a copy of this document in the hands of Prison Counselor Miller for mailing to Western District Court of Michigan, 110 Michigan St. N.W., Grand Rapids, MI 49501 on June 30, 2023.

## VERIFICATION

Appellant, Robert Pann states this motion is true and accurate to the best of his knowledge, belief and information under the penalty of perjury. Executed at Carson Correctional Facility, 10274 Boyer Rd. Carson City, Michigan, June 30, 2023

Dated: June 30 2023

Robert Pann 254048
Carson City Correctional Facility
10274 Boyer Rd
Carson City, MI 48811

Robert Pann 254048
Carson City Correctional Facility
10274 Boyer Rd
Carson City, MI 48811

GRAND RAPIDS MI 493
5 JUL 2023 PM 6 L



US POSTAGE PITNEY BOWES
ZIP 48811
02 4W
$ 000.84
0000386197 JUL. 03 2023

U.S. District Court
110 Michigan St. N.W.
Grand Rapids, MI 49501

49503-236399