UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PANN,

    Plaintiff,

v.

B. HADDEN, *et al.*,

    Defendants.

Case No. 1:22-cv-76

Hon. Robert J. Jonker

_____/

# REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by plaintiff Robert Pann ("Pann"), a prisoner in the custody of the Michigan Department of Corrections (MDOC). Three defendants remain in this lawsuit: Brian Hadden (named "B. Hadden"); Kayla Johnson (named "K. Johnson"); and Veronica Guile (named "Unknown Guiles"). This matter is now before the Court on defendants' motion for summary judgment on the basis of exhaustion (ECF No. 31).

    **I.**    **Pann's claims**

The incidents in Pann's complaint occurred at the MDOC's Bellamy Creek Correctional Facility (IBC). The Court identified three First Amendment Retaliation claims which survived initial screening:

> (i) Defendant Hadden regarding the increase in Plaintiff's security level, (ii) Defendant Johnson regarding the disposal of Plaintiff's footlockers and the issuance of a false misconduct charge, and (iii) Defendant Guiles regarding the issuance of the "Interference With Administrative Rules" misconduct ticket.

*Id*. at PageID.65-66.

    **II.**    **Defendants' motion for summary judgment**

    **A.**    **Legal standard**

1

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.    Lack of Exhaustion

#### 1.    Exhaustion requirement

Defendants contend that Pann failed to exhaust his claims against them.  The Prison Litigation Reform Act (PLRA) provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies.  *See*

*Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.  This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

### 2. MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances.  *See* MDOC Policy Directive ("PD") 03.02.130 (effective March 18, 2019).  A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control.  *Id.* at ¶ Q.  If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff.  *Id.* at ¶¶ Q and S.  The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ S (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ W. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ DD. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ HH.

3.    **Discussion**

Defendants contend that plaintiff failed to exhaust any of his claims. Defendants identified five grievances that Pann pursued through Step III while at IBC: IBC-19-12-2633-19Z ("2633") (Step I filed Dec. 5, 2019); IBC-19-12-2728-19C ("2728") (Step I filed Dec. 11, 2019); IBC-19-12-2726-07B ("2726") (Step I filed Dec. 16, 2019); IBC-19-12-2798-28J ("2798") (Step I filed Dec. 30, 2019); and, IBC-20-01-0048-27Z ("48") (Step I filed Jan. 8, 2020). PageID.160-161. Of these, Pann named defendant Johnson in one grievance (2798) and did not name defendants Guile or Hadden in any of the other grievances. Based on this record, Pann failed to properly exhaust any grievances against defendants Guile and Hadden.

In grievance 2798, Pann grieved defendant Johnson and non-party Lang for transmitting "a false grievance response" to an earlier grievance dated December 10, 2019 and sent December 19, 2019. *See* Grievance 2798 (ECF No. 32-3, PageID.169). The MDOC rejected this grievance on December 30, 2019 because Pann filed a new grievance (2798) rather than appealing a previously filed grievance to Step II. *See* Grievance Rejection Letter at PageID.170.[1]

---

[1] The MDOC filled in its form rejection letter (PageID.170) with the following reason for rejecting grievance 2798:

"Your Step I grievance regarding **Did not appeal to the next step, filed new grievan** [sic] was received in this office on **12/30/2019** and was rejected due to the following reason: **Grievant failed to file it at the next step of the grievance process, if she/he is not satisfied with the response received or did not receive a response in a timely manner.**"

4

The MDOC upheld the rejection at Steps II and III.  PageID.166, 168.  In short, Pann did not properly exhaust Grievance 2798.

In his response, Pann contends that he exhausted all of this claims against defendants.  His contentions are without merit.

Pann contends that he exhausted his claims against defendant Johnson in grievances 2726, 2798 and 2633.  *See* Pann's Response (ECF No. 33, PageID.244-245). As discussed, the MDOC rejected grievance 2798.

Next, grievance 2633 involved an incident on December 4, 2019.  Grievance 2633 at PageID.179.  Pann did not name defendant Johnson in the grievance as required by Policy Directive 03.02.130 ¶ S.  Rather, Pann directed the grievance at Corrections Officer (CO) Gibson (for giving him a direct order to empty his footlocker, threatening to write him up for disobeying that order, and threatening to write him tickets for excess property) and CO Schultz (who "falsified the contraband removal" stating that Pann's footlockers "are falling apart").  *Id*.  Pann stated that he "Spoke with PC [presumably defendant Johnson] & Shift command" to resolve the issue prior to filing the grievance.  *Id*.  Defendant Johnson acted as the respondent to the grievance and later "conducted the hearing and upheld the disposal of the footlockers per policy."  PageID.178-179. In short, the matter grieved involved the actions, of COs Gibson and Schultz, not defendant Johnson.

Next, grievance 2726 involved an incident on December 13, 2019, when Pann saw his footlockers being taken to the trash compactor.  Grievance 2726 at PageID.191.  In this grievance, Pann stated that "Either of Both C/O's Gibson and Schultz are responsible for destruction of my personal property" and that he was "denied my due process of a hearing."

---

Grievance Rejection Letter (2798) at PageID.170.

5

PageID.191.  Once again, defendant Johnson's name does not appear in the grievance not as the person grieved, but as someone involved in an attempted resolution, *i.e.*, "Tried to speak with PC Johnson, or shift command.  P/C Johnson refused to intervene."  *Id*.  Furthermore, whether Pann exhausted this grievance is a moot point, because the Court dismissed his due process claim.  *See* Opinion at PageID.64-66; Order for partial dismissal (ECF No. 8, PageID.67-68).

Finally, Pann contends that he exhausted his retaliation claim against defendant Johnson by alleging retaliation in a letter he sent to internal affairs and by raising retaliation at the misconduct hearing.  Pann's Response at PageID.247-248.  Pann does not identify any portion of the MODC's grievance policy which allows a prisoner to grieve a retaliation claim without filing a grievance, *i.e.*, by writing a letter to internal affairs or by raising retaliation as a defense at a misconduct hearing.  *See, e.g, Reynolds-Bey v. Harris*, 428 Fed. Appx. 493, 501 (6th Cir. 2011) ("the filing of retaliatory misconduct *reports* is grievable under MDOC Policy Directive 03.02.130.") (emphasis in original).   In addition, while Pann apparently claims that the MDOC interfered with his pursuit of a grievance so as to make the grievance process unavailable[2], he provides no factual or legal basis to support this claim.  Accordingly, Pann has failed to demonstrate proper exhaustion of any claim against defendant Johnson.

As to defendant Hadden, Pann states that he filed a grievance (Step I) against Hadden and that his claim is exhausted because he never received a response.  *See* Pann Response at PageID. 246-247.  Pann refers to exhibits (ECF Nos. 33-4 and 33-5) which contain two Step I grievance forms which are partially illegible and partially blank.  It is unclear whether this is the "goldenrod" (grievant's) copy of the form.  However, even if the Court assumes that Pann actually

---

[2] Pann relies on *Ross v. Blake*, 578 U.S. 632, 644 (2016) (explaining that exhaustion is not required "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation" as when "officials misled or threatened individual inmates so as to prevent their use of otherwise proper procedures" which "renders the administrative process unavailable.").  *See* Pann's Response at PageID.247.

6

wrote a grievance and that he filed the goldenrod copy in the Court, this does not establish that he actually filed a grievance. *See Alexander v. Calzetta*, No. 16-cv-13293, 2019 WL 1011106 at \*5 (E.D. Mich. March 4, 2019) (noting that, "[T]he goldenrod copy is 'proof that a prisoner wrote a grievance. It isn't proof the prisoner filed a grievance.'"). Furthermore, even if Pann filed the grievances and did not receive responses, he still needed to file a Step II appeal either "within ten business days after receiving the Step I response or, if no response was received, within ten business days after the date the response was due[.]" *See* MDOC P.D. 03.02.130 ¶ DD. Here, there is no evidence that Pann pursued a Step II appeal. Accordingly, Pann has failed to demonstrate proper exhaustion of any claim against defendant Hadden.

Finally, Pann contends that defendant Guile wrote him a Class II Misconduct on January 16, 2020, for incorrectly naming officers in a grievance (*i.e.*, Pann's "grievance against two officer's [sic] who dropped his typewriter on 12/13/19"). Pann Brief at PageID.248. Pann refers to this claim as against defendant Sgt. Guile and Lt. Chauvez for retaliating against him for exercising his First Amendment right to file grievances, conspiracy, and denying him due process. *Id*. at PageID.248-249. Once again, Pann does not set out any grievance related to the alleged retaliation. Rather, Pann contends that he exhausted the claim by appealing the misconduct hearing and writing a letter to internal affairs. *Id*. As discussed, *supra*, these actions did not exhaust a grievance against defendant Guile. Accordingly, Pann has failed to demonstrate that he properly exhausted the claim against Guile.

Based on this record, Pann did not properly exhaust any of his claims against defendants Johnson, Hadden or Guile. *Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93. Accordingly, defendants' motion for summary judgment should be granted.

### III.     Recommendation

For these reasons, I respectfully recommend that defendants Hadden, Johnson, and Guile's motion for summary judgment on the basis of exhaustion (ECF No. 31) be **GRANTED** and this lawsuit terminated.


Dated:  August 16, 2023                    /s/ Ray Kent
                                           RAY KENT
                                           United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).