UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PANN,

    Plaintiff,

v.

B. HADDEN, et al.,

    Defendants.

_____/

CASE No. 1:22-cv-76

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation, (ECF No. 42), and Plaintiff's Objection to the Report and Recommendation, (ECF No. 43). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on *de novo* reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed *de novo* the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation—which recommends granting Defendants' motion for summary judgment based on lack of exhaustion (ECF No. 31)—is factually sound and legally correct.[1]

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge, (ECF No. 42), is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Defendants Hadden, Johnson, and Guiles's Motion for Summary Judgment, (ECF No. 31), is **GRANTED**.

3. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated: September 18, 2023    /s/ Robert J. Jonker
                             ROBERT J. JONKER
                             UNITED STATES DISTRICT JUDGE

---

[1] With respect to Pann's retaliation claims against Defendants Johnson and Guile for issuing misconduct tickets, the Court acknowledges that case law points in different directions regarding whether a claim of retaliation based on an allegedly retaliatory misconduct ticket must be raised in the misconduct process or instead through a separate grievance. *Compare Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011) (requiring prisoner alleging issuance of retaliatory misconduct ticket to raise the issue of retaliation in the misconduct hearing and appeal process), *with Reynolds-Bey v. Harris*, 428 F. App'x 493, 500–01 (6th Cir. 2011) (suggesting that the filing of retaliatory misconduct reports is a grievable issue under MDOC policy directives). The Court need not attempt to resolve any apparent discrepancy between *Siggers* and *Reynolds-Bey* here, because Plaintiff did not fully pursue either avenue for the misconduct tickets that form the basis of his claims.